# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRISTAR LODGING, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-98-Orl-31DAB**

**ARCH SPECIALITY INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

This case is before the Court on Defendant Arch Specialty Insurance Company's ("Arch Specialty") Motion to Dismiss (Doc. 20) and Plaintiff Tristar Lodging, Inc.'s ("Tristar"), Opposition (Doc. 21) thereto.

This is a breach-of-contract action. Tristar, a hotel operator, claims that it suffered losses during the 2004 hurricane season, that the losses are covered by an insurance policy with Arch Specialty ("the Policy"), and that Arch Specialty has improperly refused payment.

In the Motion to Dismiss, Arch Specialty points out the following provisions in the Policy:

D. LEGAL ACTION AGAINST US

   No one may bring a legal action against us under this Coverage Part unless:

   1. There has been full compliance with all of the terms of this Coverage Part. . . .

E. Loss Conditions

   The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

> 2. Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
> . . . .

Arch Specialty claims that Tristar's action is premature because Tristar has failed to comply with the above-quoted appraisal provision. Arch Specialty contends that, according to *Transamerica Ins. Co. v. Weed*, 420 So.2d 370, 371 (Fla. 1st DCA 1982), the appraisal provision is an appropriate precondition to filing suit.

Tristar does not contest that the appraisal provision marks a precondition to suit under the Policy. Rather, Tristar contends that Arch Specialty has waived its right to compel appraisal. Tristar contends, alternatively, that it would be unfair to dismiss or stay the entire action because Arch Specialty seeks appraisal only in regard to physical property (*i.e.*, building) damages and claims for business interruption *inter alia* remain.[1]

As to whether Arch Specialty waived its right to compel appraisal, it is generally true that a party my waive its right to arbitration, if the party substantially invokes the litigation machinery prior to demanding arbitration. *See, e.g.*, *S&H Contractors, Inc., v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). It is also true that appraisal provisions, such as the one at issue,

---

[1] Tristar argues, in addition, that its Amended Complaint should, under Federal Rule of Civil Procedure 15, relate back in time to the filing of the Original Complaint. The Court cannot discern any reason why it should decide that issue, and Tristar has failed indicate what, if any, relevance that issue may have in this case.

constitute a type of arbitration agreement. *See Transamerica*, 420 So.2d at 371. Yet while the Court may agree, in theory, that Arch Specialty could waive its right to compel appraisal, Arch Specialty simply has not done so in this case.

On December 6, 2004, Tristar filed its original Complaint (Doc. 2) in state court. The Complaint incorrectly named Arch Insurance Company, rather than Arch Specialty, as the defendant. On January 18, 2005, Arch Insurance Company removed the case to federal court and filed a Motion to Dismiss (Doc. 3) for failure to name the proper party. On January 31, 2005, Arch Specialty sent Tristar a demand for appraisal under the Policy. (Doc. 14-2). On February 11, 2005, the Court dismissed the Original Complaint, and Tristar thereafter filed an Amended Complaint (Doc. 17) and served it on Arch Specialty. Under the totality of circumstances, these preliminary actions are not inconsistent with enforcing the Policy's appraisal provision. Arch Specialty asserted its right to appraisal before Tristar properly named it as a party to this action, and Arch Specialty did not undertake any efforts to litigate the merits of Tristar's claims in this or the state form. Tristar's contention to the contrary is meritless.

As to whether it would be unfair to dismiss or stay this action pending the appraisal process, the Court finds that reasonable time constraints will sufficiently address Tristar's concerns.

It is hereby

**ORDERED** that Arch Specialty's Motion (Doc. 20) is **GRANTED** in part.  This matter is **STAYED** for a period of 90 days to allow the appraisal process to take its course.  At the conclusion of this period, the Parties shall file a joint status report.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 3, 2005.

Copies furnished to:

Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE