**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRISTAR LODGING, INC.,**

        **Plaintiff,**

**-vs-**                                                       **Case No. 6:05-cv-98-Orl-DAB**

**ARCH SPECIALITY INSURANCE**
**COMPANY,**

        **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR RECONSIDERATION (Doc. No. 102)**
>
> **FILED:**       **June 13, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff moves for reconsideration of the Court's Order (Doc. No. 99), or alternatively, to alter or amend the judgment or vacate the judgment, pursuant to Rule 59(e), Federal Rules of Civil Procedure. The motion is without merit, and is therefore denied.

The decision to alter or amend a judgment is an "extraordinary remedy," *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994), and one that "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). This Court has recognized three grounds justifying reconsideration: (1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Sussman*., 153 F.R.D. at 694. A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Applied here, Plaintiff presents no evidence of an intervening change in controlling law. Indeed, as pointed out by Defendant in its response, since the Court's Order, the Florida Second District Court of Appeal has issued (in non-final, slip opinion) a decision similarly recognizing that wrongful conduct is necessary in order to impose a fee award against the insurer under Fla. Stat. § 627.428. *See Liberty National Life Insurance Company v. Bailey,* 2006 WL 1667352 (Fla. 2d DCA June 16, 2006). There is no basis to reconsider on this ground.

As for the availability of new evidence, Plaintiff cites to none, nor would any likely be available, considering the posture of the case.[1]

Thus, Plaintiff is left to contend that the Court committed clear error. Plaintiff raises three grounds in support of its motion: 1) its right to a jury trial; 2) alleged disputed fact issues; and 3) an alleged incorrect dismissal of the Second Amended Complaint.

In support of its first ground, Plaintiff asserts that a right to a jury trial is inviolate and that the Court erred in disposing of the case on the papers. As contended by Plaintiff:

---

[1] At the time the Order was issued, all claims under the Policy had been paid. The only issue was the entitlement to attorney's fees under Florida statute.

> TRISTAR'S Motion For Entitlement to and Determination of Attorney Fees, Costs, and Prejudgment Interest (see Doc. #70) presented only the issue of whether the Court could decide entitlement under Florida's attorney fee statute, §627.428, based on the insurer's payments after suit was filed. * * *
>
> What the Court's order fails to recognize is that TRISTAR, pursuant to Florida law, was not required to argue a breach of the insurance contract to seek reimbursement of attorney's fees pursuant to §627.428, since by law, post-suit payment(s) of insurance benefits are presumed as a confessions of judgment. (See Doc. #70). The question of a breach was not one of the issues presented in TRISTAR'S Motion, and was reserved for a trial by jury if the Court were to deny TRISTAR'S Motion. If the Court were to determine that sufficient justification for attorney's fees was not shown by the matters of record, then the next step would be to set the matter for a trial by jury on the issues raised in TRISTAR's Second Amended Complaint.

The Court rejects Plaintiff's contentions as disingenuous. The parties conceded that all outstanding claims pursuant to the Policy had been resolved. Thus, there were no "issues raised in Tristar's Second Amended Complaint" left for determination by a jury or otherwise; Plaintiff's sole remaining claim was for attorney's fees – a claim that was *not* derived from the Policy, but, as recognized by Plaintiff, was brought "pursuant to Florida's attorney fee statute, § 627.428."[2] There is no right to a jury trial pursuant to this statute. *See Empire State Insurance Co. v. Chafetz,* 302 F.2d 828 (5th Cir. 1962) (no constitutional right to have a jury decide whether or not to award attorneys' fees under this statute); *Mid-Continent Casualty Co. v. Giuliano*, 166 So.2d 443 (Fla. 1964) (same).

Moreover, the Court is not swayed by Plaintiff's selective citation to the transcript. While counsel initially stated that he wanted a jury trial "if it's an issue to try to see if we breached the contract or did they" (*See* Transcript of January 12, 2006, at p. 11), when pressed by the Court, Plaintiff's counsel took the position that entitlement was established by law, as Defendant had confessed judgment by paying monies:

---

[2]*See* Transcript of January 12, 2006 - Doc. No. 102-2, at Transcript pg. 3, where Plaintiff's counsel notes that the claim was concluded "except for the court for [sic] determining entitlement and determination of attorney's fees and costs."

> \* \* \* In fact, Your honor, they should have filed a dec action and asked this court to determine whether they had any obligations to pay given his allegations of our breach and failure to cooperate. That's all been waived. These are all mooted. They paid the monies. By law this isn't an issue any more. That's why I don't understand when you're saying we need to have a hearing on that issue. By law its disposed of.

(Transcript at 12).

Following an extended colloquy, the Court summed up its understanding of the parties positions:

> THE COURT: Mr. Caceras, you indicated at the start of the argument or discussion here that you were at least interested in filing a summary judgment motion of some sort.
>
> MR. CACERAS: Yes, Your Honor.
>
> \* \* \*
>
> THE COURT: And Mr. Pettinato, your position, as I understand you, is that the record is already sufficient to establish your entitlement to fees and you just want a hearing on the determination of the appropriate amount. That as is typical would be done without a jury.
>
> MR. PETTINATO: I'm just thinking about what you said to make sure. I agree that --
>
> THE COURT: Based on your reading of the case law and what the exchange of documents and really undisputed history of events, I think there are some disputes about the history of events, but they may not be material.
>
> MR. PETTINATO: Exactly. I agree with what you're saying is that there's enough in the record to indicate that we are entitled to fees, but I filed a motion for entitlement and determination because they have kept on objecting to entitlement, so therefore I had to provide you with a legal argument in my motion I filed a day or two ago that briefs out why I'm entitled to attorney's fees in the case. And I also filed this affidavit in support of it which outlines, directly contradicts, much of --
>
> THE COURT: You're trying to argue the merits here and I'm not doing that today.

(Transcript at 17-18).

The Court set a briefing schedule based on the parties' agreement to go forward on dispositive motions as to the only remaining issue: Plaintiff's entitlement *vel non* to attorney's fees. As for Plaintiff's new assertion that "[t]he question of a breach was not one of the issues presented in

TRISTAR'S Motion, and was reserved for a trial by jury if the Court were to deny TRISTAR'S Motion," the transcript shows otherwise:

> MR. CACERAS: Your Honor, if I may, just in one sentence I'll frame the issue just so it's clear. Mr. Pettinato claims that we've confessed judgment by simply paying the claim after the lawsuit was filed. Our response is there was no breach of this contract, we are defending against any breach. We paid timely. There was no breach. Therefore, you're not entitled to fees. In fact, summary judgment in our favor.
>
> THE COURT: That's what I understand your argument to be.
>
> MR. PETTINATO: And I won't reiterate because you understand.

(Transcript at 20). As is indicated, the pivotal issue of whether Arch breached the contract was the basis of the summary judgment motion. Plaintiff took the position that entitlement was established as a matter of law, so no hearing was necessary to establish it. To the extent Plaintiff did not prevail on this theory, and now seeks to try again before a jury, such an effort is misguided. Motions for reconsideration should not be used to raise arguments which could, and should, have been made before entry of judgment, or to assert new theories of liability. *See Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990). "'A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" *Lussier*, 904 F.2d at 667 (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469, *reh'g denied,* 384 F.2d 365 (5th Cir. 1967)). No error is present.

Plaintiff next contends that the Court made erroneous findings of fact, rather than leaving disputed factual issues to be resolved by a jury. The Court is unpersuaded. As discussed above, the issue of entitlement to fees under Florida's statute is a legal issue, not a jury one. Moreover, the Court ruled based on the undisputed material facts: the date of the claims made, the date payments were

tendered, and the procedural facts as shown by the docket (when claims were made in this action, and what those claims were). These facts are not disputed by Plaintiff; rather, Plaintiff objects to the legal conclusions drawn by the Court from those facts. Applying the law to the undisputed, material facts is within the Court's purview when addressing dispositive motions. This ground does not merit reconsideration of the Court's ruling.

Finally, Plaintiff contends that it was error to dismiss the Second Amended Complaint, with prejudice. This, too, is unpersuasive. The parties agreed that all claims under the Policy (which necessarily must have included all claims set forth in the Second Amended Complaint) were satisfied and that the only remaining issue was that of attorney's fees. The Court disposed of the attorney's fee issue in its Order. As such, the complaint was moot. There was no error in dismissing it, and even if dismissal were procedurally improper in view of the granting of judgment, any such error was harmless as all claims pled were foreclosed by the judgment.

As no adequate ground has been raised sufficient to warrant reconsideration, the motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record