**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRISTAR LODGING, INC.,**

        **Plaintiff,**

**-vs-**	    **Case No. 6:05-cv-98-Orl-31DAB**

**ARCH SPECIALITY INSURANCE COMPANY,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO REQUIRE PLAINTIFF/APPELLANT TO POST BOND FOR ANTICIPATED APPELLATE FEES AND COSTS (Doc. No. 106)**
>
> **FILED:** July 27, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant seeks an Order compelling Plaintiff to post bond for anticipated appellate attorney's fees and costs, pursuant to Rule 7 and Rule 38 of the Federal Rules of Appellate Procedure.

Pursuant to Rule 7, "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Although Defendant cites this Court's decision in *Home Design Services, Inc. v. Schwab Development Corp.* 2006 WL 1319427, *1 (M.D. Fla. May 11, 2006) (slip opinion), as authority for the proposition

that a Rule 7 bond can also include anticipated appellate attorney's fees, this Court noted that such is only the case in specific circumstances. *See Home Design* at footnote 1, *citing Pedraza v. United Guaranty Corporation*, 313 F.3d 1323 (11th Cir. 2002) (attorney's fees may be included as "costs" in an appellate bond pursuant to Rule 7 whenever Congress has so defined the term in the statutory fee shifting provision of the underlying cause of action). Here, Defendant points to no underlying statutory right to attorney's fees.[1] As such, Rule 7, on its own, does not authorize the relief sought.

Defendant next relies on Rule 38, Fed. R. App. P, which provides for "damages and costs" for bringing a frivolous appeal, and contends that it seeks a bond because Plaintiff "is part of a larger conglomerate of affiliated corporate entities" and the management of funds among the various entities may make it difficult to collect any judgment for appellate fees and costs. The Court is unpersuaded. Even if the Court were to assume that it had authority under Rule 38 to require a fee bond, Defendant has not shown that such is warranted here. While the Court believes its underlying ruling in this case to be sound, the mere fact that Plaintiff disagrees with the finding is not sufficient to conclude, on this record, that the appeal is frivolous.[2] Further, the Court does not find that Plaintiff is pursuing this appeal "in bad faith, vexatiously, wantonly, or for oppressive reasons," and thus, there is no basis to include estimated attorneys' fees pursuant to the Court's inherent power to manage its affairs. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). Defendant is not entitled to a bond for anticipated appellate attorney's fees.

---

[1] Defendant's reliance on *In re Heritage Bond Litigation,* 2005 WL 2401111 (C.D. Cal. 2005) is unpersuasive, as that court noted (at footnote 8) that the underlying statute in that case did provide for fees.

[2] Of course, this finding is without prejudice to any Rule 38 motion or notice filed for the Eleventh Circuit's consideration.

As for costs, as pointed out by Plaintiff in its brief, the fact that Plaintiff is a large conglomerate weighs in favor of a finding that such a large entity has assets sufficient to cover any costs judgment that may result from the appeal.  As Rule 7 is discretionary, and the Court sees no need for a costs bond, the motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record